Tlie opinion of the Court, was delivered by
Bermudez, C. J.
This is an action against two of the sureties of a defaulting sheriff. Their defense is, that they have already, as such, paid under judicial coercion, more than the amount for which they respectively signed the bond. There was judgment in their favor and the plaintiff has appealed.
In this Court, he complains that the appellees have completed the transcript, which was deficient hy their fault, and he claims that we should ignore the supplement.
The appellant also complains, by bills of exception, that the two sureties were permitted hy the lower court, during the trial, to file and set up special pleas, which were not of payment proper, but only of discharge.
On the merits, he insists that, even if it were true, which is denied, that the sureties have paid, as they say they have, they are still liable to him, because they have paid without authority, as they could and should have protected themselves against payment, hy a petition in the nature of an interpleader, and because they clo not enjoy the privilege of division against him.
1st. We are at a loss to perceive why the plaintiff can complain of the completion of this defective transcript which he has brought up. The clerk’s certificate attached to it does not show that the appellees were called upon for the production of the records and documents which were submitted by them as evidence, in the lower court, and which had been left out hy him. The appellant does not charge that the additional transcript is in collect in any particular, but merely objects to it in toto. It ivas procured on the sworn application of the appellees, seasonably made, under the mandate of this Court, and was properly attested and transmitted. We see no reason, a diminution of the record having been suggested and acted upon, and the sufficiency or authenticity of the supplemental transcript not being assailed, why *56 we should exclude an important element for the determination of this controversy, particularly, as in furtherance of the ends of justice, we might otherwise have to remand the case, or to suspend our action upon it, until the completion of the transcript.
2d. The lower court sustained plaintiff’s objections to the introduction of evidence by the defendants, tending to show exoneration by reason of payment, on the ground that the averment under which the proof was offered, was too vague and insufficient, in not stating the date, mode and amounts of payments, and the names of the persons l>aid; but the Court overruled the other objections, which were predicated on the theory, that the sureties were unconditionally liable, without reference to the limited amount for which they had subscribed the bond, and that they could not avail themselves of such payment as against the plaintiff.
The sureties had first pleaded generally, in their answer, without going into details, that they had paid under execution, as sureties, the full amount of their liability on the bond; but when, on the trial, they offered to introduce proof in support of the averment, plaintiff objected and the Court ruled as stated. Then it was, that the sureties obtained leave to file a special defense, setting forth the particulars called for, and which had not been embodied in the answer.
By permitting the sureties to satisfy plaintiff’s technical demands, it. would seem that plaintiff should have had no occasion to complain. Indeed, he was thereby furnished with the information which he desired. Had he pleaded surprise, and applied for a continuance to prepare in rebuttal, and had the Court refused his motion, he might be entitled to complain j but he has not done so and cannot, therefore, be heard. The pleas are such as could be set up, in exoneration under the circumstances, at any stage, during the progress of the trial.
In other respects, the Court ruled correctly, as the remaining objections went, not to the admissibility, but to the effect of the evidence, the case being on its merits, and the <piestion of law raised not being free from all doubt. It was safer for the Court and for the parties to receive the evidence, as was done.
Having thus disembarrassed the case from those preliminary objections apparently calculated to retard its determination, we< will now proceed to consider it on its merits.
Merits.
A review of the evidence satisfies us that the sureties have paid, under execution, more than the amount for which they respectively signed the sheriff’s bond, $5,000. -Although the plaintiff claims that such is not the fact, still he has not assumed to figure out any error of *57 calculation ."by tlic defendants. The proof offered consisted of the writs and of the returns on them, showing satisfaction by the sureties; of different amounts, aggregating more than the sum which they had assumed eventually to pay under the bond. The sheriff was the ■ officer of the law authorized to coerce payment. He was the legal agent of the judgment creditor, whose title has remained unassailed.
.The objection that, from the fact that the defendants could have testified as to the payment, and have not done so, it must be inferred that the payment did not take place, has no force. The defendants had offered the best evidence in their power, and of- which the case admitted. It had not been attacked and required no corroboration.
The plaintiff further contends: that the obligations of sureties, in the official bond of a defaulting sheriff, are identical with those of the principal, whose obligations are considered as transported into the bond, and bind the sureties, in the same manner as he is himself by the law.
In support of this proposition, he refers to 33 A. p. 19, which, far from sustaining absolutely that doctrine, is clearly destructive of it, so far as it may be sought to saddle upon sureties a liability beyond that specially assumed and restricted by them in the bond.
That authority expressly recognizes that a surety stipulating the extent in amount of his liability, under the special permission of the law, on a sheriff’s bond, cannot be held, under any contingency, beyond that limited amount.
In the case of the Teutonia Bank vs. Wagner, 33 A. 734, the liability of sureties on a similar bond was thoroughly considered, and, we think, finally adjusted. It was there distinctly announced, that no liability judicially liquidated against the principal, can be enforced against each of the sureties, beyond the limited amount for which each agreed to, and did bind himself.
The plaintiff moreover claims, that the amount of the bond is a common fund, for the common benefit of those whose funds have been illegally used or converted, and should be distributed among the different creditors, according to their several priorities, or rank; that one creditor cannot, by an individual suit, appropriate to himself the entire benefit of the security and exclude all others; and that payment to such creditor cannot operate as a discharge to the surety, who could have protected himself by an interpleader.
We have reviewed the authorities to which the plaintiff has invited our attention. The common law authorities are not in point, and would not be entitled to much weight under our peculiar system of practice.
The authorities contained in our local jurisprudence have no bearing *58 on the matter under consideration. On the contrary, we find in 2 R. 537, which was a case somewhat similar to the one at bar, in which a like pretension had been raised, that the Court ruled adversely to it, saying : “ The law has not provided for a concurso, in a case like the present one.”
It may well be that our system is deficient in that particular, although we do not perceive that it is. It may be, that in such cases, the liability of the sheriff and his sureties, after being liquidated, should not be enforced, until after opposition shall have been made to the discharge of the principal and the oppositions referred, for determination, under theprovisions of Act of 1877, p. 20; R. S. 358, et seq. and 3729; but, in the absence of such legal q>rovision countenancing the position of plaintiff, we do not feel authorized to decide that the sureties have prematurely and illegally paid, and should be subjected to another payment, in the teeth of their limited responsibility, evidenced by the very contract of suretyship relied upon by the creditor.
' Ruling differently from what we do, would be to violate the elementary and fundamental principles in matters of suretyship, which prohibits that sureties be held under different or more onerous conditions than the principal. Lex mcjilantíbus favet. ■
Finding- no error in the judgment appealed from, it is affirmed with costs.
Rehearing- refused.